767 P.2d 286

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robert J. DETWEILER, Defendant–Appellant.**

**No. 16878.**

Court of Appeals of Idaho.

Jan. 10, 1989.

---

Anton Hohler of Tway & Tway, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., for plaintiff-respondent.

## SUBSTITUTE OPINION

The Court's prior opinion, dated November 3, 1988, is hereby withdrawn.

## PER CURIAM.

Robert Detweiler appeals from the district court's appellate decision affirming an order denying Detweiler's I.C.R. 33(c) motion to withdraw his guilty plea and affirming a judgment of conviction, including the sentence imposed, for driving under the influence. The issues are whether the magistrate abused his discretion in denying the Rule 33(c) motion and whether the sentence imposed is excessive. We affirm in part and vacate in part. We remand the case for reconsideration of the sentence.

While driving his automobile in Canyon County, Detweiler was involved in a collision with another vehicle. The collision resulted in the death of the other driver. Detweiler maintained that his car was struck from behind when he suddenly changed lanes to avoid a dog in the roadway. The police officer who investigated the collision arrested Detweiler for driving under the influence.

During his arraignment Detweiler sought a continuance so he could obtain counsel. At this stage of the proceedings Detweiler received, signed and acknowledged his understanding of a written form detailing his rights as a criminal defendant. The arraignment was continued. Detweiler sought the advice of counsel. Detweiler alleges that his counsel advised him to plead guilty because his test for blood alcohol concentration (BAC) showed .11 percent, an amount which the attorney allegedly described as "way over the limit." Just prior to entering his plea of guilty at the continued arraignment, Detweiler was told by his attorney to appear without counsel and to plead guilty in the hope that the court would be more lenient. Detweiler appeared before the magistrate, said he was appearing without counsel and entered a plea of guilty. The magistrate questioned Detweiler about his decision to plead guilty and accepted the plea as voluntary and knowing. The conviction was Detweiler's first for driving under the influence.

A week later Detweiler appeared, with his attorney, for sentencing. Because the collision had resulted in a fatality, the magistrate concluded there were aggravating circumstances requiring a strict sentence. There is no indication in the record that the magistrate determined whether Detweiler's actions were the actual cause of the fatality. Nevertheless, the magistrate imposed the maximum sentence of six months in the county jail and a fine of $1,000. The magistrate suspended ninety days of the jail sentence.

With the assistance of new counsel, who has also represented Detweiler in the appeals, Detweiler filed a Rule 33(c) motion to withdraw his plea. Following a hearing, the magistrate found Detweiler's plea was knowing and voluntary. The motion was denied.

Detweiler appealed to the district court, challenging the order denying his motion and the sentence imposed upon the judgment of conviction. The district court remanded the case to the magistrate for supplemental findings on whether the plea of guilty was voluntary and knowing. The magistrate made the supplemental findings. Based upon the record, including the supplemental findings, the district court affirmed the order denying Detweiler's Rule 33(c) motion and affirmed the judgment imposing the jail sentence. Detweiler then brought this appeal.

When a district court acts in its appellate capacity, we review the record independently of, but with due regard for, the decision of the district court. Accordingly, we will examine the magistrate's decision and findings and reach a determination of the issues based upon our independent review of the record. *State v. Hayes*, 108 Idaho 556, 700 P.2d 959 (Ct.App.1985).

## I. MOTION TO WITHDRAW PLEA

■ Generally speaking, the decision whether to grant or deny a motion to withdraw a guilty plea lies in the discretion of the trial court. *State v. Freeman*, 110 Idaho 117, 714 P.2d 86 (Ct.App.1986). Appellate review of the denial of a motion to withdraw a plea is limited to whether the trial court exercised sound discretion as distinguished from arbitrary action. *Id.* Of course, if the plea is legally defective, relief must be granted. Conversely, if the plea has been made knowingly, intelligently and voluntarily, it usually cannot be withdrawn after sentencing. *State v. Simons*, 112 Idaho 254, 731 P.2d 797 (Ct.App.1987). This strict standard is justified to ensure that the accused is not encouraged to plead guilty to test the weight of potential punishment and then withdraw the plea if the sentence is unexpectedly severe. *Id.*; *State v. Freeman, supra.*

Accordingly, under Rule 33(c), I.C.R., a plea of guilty may be withdrawn after sentencing only to correct a manifest injustice.

The defendant has the burden of demonstrating a manifest injustice. *See State v. Henderson,* 113 Idaho 411, 744 P.2d 795 (Ct.App.1987). An established abridgement of a constitutional right is deemed a manifest injustice as a matter of law. *Id.; State v. Simons, supra.*

## A

■ We first examine whether Detweiler's plea of guilty was voluntary and knowing. He contends his plea was involuntary because he was laboring under a misapprehension of the law. This position is based upon the alleged misinformation given him by former counsel that .11 percent BAC was "way over the limit." Detweiler later learned that in Idaho a .10 percent BAC is deemed a violation *per se.* He also allegedly learned that the testing device used to measure his BAC had a possible .02 to .04 percent variance and that the device might not satisfy the legal requirements for BAC testing, rendering the results inadmissible. If he had known this information, Detweiler claims he would not have pled guilty.

Before accepting a guilty plea, the trial court must satisfy itself that the plea is offered voluntarily, knowingly and intelligently. *State v. Colyer,* 98 Idaho 32, 557 P.2d 626 (1976); *State v. Henderson, supra.* The plea must be entered with "a full understanding of what the plea connotes and of its consequence." *Brooks v. State,* 108 Idaho 855, 857, 702 P.2d 893, 895 (Ct. App.1985) (quoting *Boykin v. Alabama,* 395 U.S. 238, 244, 89 S.Ct. 1709, 1712–13, 23 L.Ed.2d 274 (1969)). In Idaho, the trial court must follow the minimum requirements of I.C.R. 11(c) in accepting pleas of guilty. If the record indicates the trial court followed the requirements of I.C.R. 11(c), this is a prima facie showing that the plea is voluntary and knowing. The defendant then has the burden of persuasion to demonstrate a manifest injustice by establishing that the plea was induced by misapprehension, inadvertence or ignorance. *See, e.g., State v. Martinez,* 89 Idaho 129, 403 P.2d 597 (1965).

The record of the entire proceedings, including reasonable inferences drawn therefrom, shows that Detweiler had a full understanding of his rights, the nature of the offense, the possible punishments, and the consequences of the plea. At no time prior to his motion to withdraw did Detweiler indicate confusion as to the above points. Nor has Detweiler provided facts demonstrating that his plea was coerced or that he did not understand what was taking place. The record reveals that the magistrate followed the requirements of I.C.R. 11(c). Thus, there is a prima facie showing that the plea was voluntary and knowing.

The mistake or misapprehension experienced by Detweiler did not diminish his understanding of the offense charged, the possible punishments or the consequences of his plea. Neither does it appear that the attorney or the prosecutor misinformed Detweiler as to the nature of the BAC test evidence against him. In our view, the attorney's "way over the limit" remark, if made, is not a misrepresentation of the state's evidence on such a crucial point that a manifest injustice is created. This is in contrast with a mistake or misapprehension of the elements of a crime the state must prove to obtain a verdict of guilty, which mistake, if established, would be a manifest injustice. *Cf. State v. Henderson, supra* (motion to withdraw prior to sentencing allowed where defendant did not understand intent element required in theft offense).

We conclude that Detweiler has not established a manifest injustice through mistake or misapprehension. Consequently, this ground provides no basis to allow withdrawal of Detweiler's plea.

## B

■ Detweiler next contends his right to counsel was abridged. He maintains that the magistrate did not advise him of his right to counsel and of his right to obtain court-appointed counsel. Neither did the magistrate determine that Detweiler had waived his right to counsel prior to entering his plea of guilty. This, Detweiler claims, is a manifest injustice.

Detweiler's arguments are not supported by the record. In his first arraignment appearance, Detweiler was advised of his right to counsel, including his right to appointed counsel. The arraignment was continued to permit Detweiler to obtain counsel. Detweiler admits he obtained the advice of an attorney and spoke with this attorney just prior to pleading guilty. Indeed, it is the advice of this counsel which forms the basis of Detweiler's argument that his plea was involuntary. At sentencing, Detweiler was represented by the attorney he consulted prior to pleading guilty.

Under these facts we cannot see how Detweiler's right to counsel was abridged. Consequently, Detweiler has not demonstrated a manifest injustice. The record, and all permissible inferences therefrom, show that the magistrate exercised sound discretion, not arbitrary action, in denying Detweiler's motion to withdraw his plea. Accordingly, we affirm the magistrate's order denying the motion.

## II.  SENTENCE

Detweiler challenges the sentence he received. He submits that the magistrate abused his discretion in imposing a maximum sentence under the facts of this case. Specifically, Detweiler challenges the magistrate's finding of aggravating circumstances.

■ Six months in jail and a fine of $1,000 is the maximum punishment for a first offense of driving under the influence. I.C. § 18–8005. A sentence within the statutory maximum will not be disturbed unless an abuse of discretion is shown. A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982); *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

Here, we are concerned with the magistrate's finding of an aggravated circumstance. Under I.C. § 18–8005(1), discretion is conferred upon the sentencing court as to the extent of the punishment. Therefore, the court may take into consideration circumstances either in aggravation or mitigation of the punishment. I.C. § 19–2515(a).

Here the magistrate noted that a fatality occurred as a result of a collision involving Detweiler's car and another vehicle. The magistrate did not find that Detweiler's conduct caused the collision. In the absence of such a finding, we are left with the statements made by the magistrate before sentencing which suggest that he may have thought aggravating circumstances were shown by the death alone. Of course, a defendant's punishment should not be made more severe on account of circumstances that were not caused by his wrongful conduct. Detweiler contends this is what occurred here. The record leaves the question in doubt.

■ The state argues that this Court may decide the causation question for the first time on appeal. The state notes that appellate courts independently review the record to determine whether a sentence represents an abuse of discretion. This is true, of course, but it does not mean that appellate courts engage in original fact-finding upon conflicting evidence. It is the trial judge's task to weigh disputed evidence and, where applicable, to make credibility determinations.

In this case, the reasonableness of the sentence turns upon a pivotal issue of fact—whether the defendant's conduct *caused* the collision which produced the fatality. The evidence on this point is equivocal. We see no reason in a sentencing case to depart from the general rule that an appellate court will refrain from fact-finding unless the answer is "obvious" from the record. *Pope v. Intermountain Gas Co.,* 103 Idaho 217, 225, 646 P.2d 988, 996 (1982). Here, the answer is not "obvious." By requiring this determination to be made in the first instance by the sentencing judge, we are not trying to impose a general requirement that judges give reasons for their discretionary sentencing decisions. *See State v. Nield,* 106 Idaho 665, 682 P.2d 618 (1984). Here, the magistrate did give his reasons for imposing the maximum sentence. We are merely saying that

the stated reason is a sufficient basis for the sentence only if Detweiler's wrongful conduct caused the fatality. It is for this determination that we remand. In doing so, we recognize it is the function of the trial courts to determine the facts upon which their sentencing discretion is based.

Accordingly, we vacate the sentence imposed by the magistrate. We remand to the district court with directions to have the magistrate reconsider the sentence and to make the findings, as may be necessary, to support his ultimate sentencing decision. For this purpose the state and Detweiler may supplement the record with additional reliable information as to causation. The remaining issues raised by Detweiler are not supported by reasonable argument or sound authority; therefore, we will not address them on this appeal. I.A.R. 35(a)(7).

The judgment of conviction is affirmed. The order denying the motion to withdraw the plea of guilty is affirmed. The sentence is vacated and the case is remanded with directions.