786 P.2d 566

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Moises RODRIGUEZ,
Defendant–Appellant.**

No. 16885.

Court of Appeals of Idaho.

Feb. 7, 1989.

Petition for Review Granted
April 19, 1989.

Jerry R. Rigby, Rexburg, for defendant-appellant.

Jim Jones, Atty. Gen., David R. Minert, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

The appellant, Moises Rodriguez, was arrested at the Rexburg airport while participating in a delivery of cocaine and black-tar heroin to undercover law enforcement officers. He pled guilty to two counts of delivery of controlled substances. He later moved to withdraw his pleas on the ground that he did not understand the consequences of his pleas or the rights he would waive by pleading guilty. The district court denied Rodriguez' motion, and Rodriguez appealed. We reverse the order deny-

ing Rodriguez' motion to withdraw his pleas.

This case is a companion to one just decided by our Supreme Court in *State v. Carrasco*, (slip op. no. 17582, Feb. 3, 1989). There a plurality of the Court held that the district court erred in accepting Carrasco's pleas of guilty without advising Carrasco—at the time the pleas were entered—of the consequences of his pleas and the nature of the rights he was thereby waiving. Carrasco and Rodriguez were co-defendants, arrested in the same drug transaction. The record in Rodriguez' case, like the record in Carrasco's case, shows that the district court did not advise Rodriguez—at the times his pleas were entered—of the consequences of the pleas and the nature of the rights he would be waiving. In other procedural and substantive respects also, Carrasco's case is factually similar—albeit not identical—to Rodriguez' case.

We conclude that the cases should be treated similarly on appeal. Consequently, based on *Carrasco*, we hold the district court erred in refusing to grant Rodriguez' motion to withdraw his pleas of guilty. The order is reversed. Case remanded for further proceedings.