787 P.2d 278

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Moises RODRIGUEZ,
Defendant–Appellant.**

No. 18075.

Supreme Court of Idaho.

Feb. 21, 1990.

Jerry R. Rigby, Rexburg, Idaho, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen. (argued), Boise, for plaintiff-respondent.

BAKES, Chief Justice.

Rodriguez pleaded guilty to two counts of delivery of controlled substances. He later moved to withdraw his pleas on the ground that he did not understand the consequences of his pleas or the rights he waived by pleading guilty. The district court denied the motion, Rodriguez appealed, and the Court of Appeals reversed, 117 Idaho 175, 786 P.2d 566, based on this Court's holding in *State v. Carrasco*, 117 Idaho 295, 787 P.2d 281 (1989) (a companion case to *Rodriguez*). The State's petition for review was granted by this Court. We affirm the reversal of the district court, but on different grounds than advanced by the Court of Appeals.

Rodriguez was arrested on August 17, 1986, and charged with four counts of delivery and possession of controlled substances (heroin and cocaine). On September 8, 1986, Rodriguez and co-defendant Carrasco were arraigned before District Judge Grant L. Young. The court minutes show that Rodriguez was advised of the nature of the offense for which he was charged, the maximum punishment for the offenses, and the effect and consequences

of a guilty plea. Rodriguez pleaded not guilty to all four counts.

On November 17, 1986, Rodriguez again appeared in the district court before District Judge William Black (pro tem.) for the purpose of changing his plea from not guilty to guilty on the two counts alleging unlawful delivery, in return for which the State dropped the two counts alleging unlawful possession. At that time the court discussed the plea change with Rodriguez, and his attorney, Randall Smith, and thereafter accepted Rodriguez's plea of guilty.

On January 16, 1987, Judge Black sentenced Rodriguez to an indeterminate sentence of thirty years. On February 2, 1987, Rodriguez filed a motion to withdraw his guilty plea pursuant to I.C.R. 33(c) on the grounds that at the time he entered his plea he did not understand the consequences of his plea or the rights he was waiving and as such it was not voluntarily and knowingly given. The court denied the motion to withdraw the plea, finding no evidence of manifest injustice as required by I.C.R. 33(c), and further finding the plea to have been entered knowingly and voluntarily.

Rodriguez appealed the ruling and the case was assigned to the Court of Appeals. The Court of Appeals reversed the trial court's order denying Rodriguez's motion to withdraw his guilty plea based upon the plurality opinion of this Court in *State v. Carrasco*, 117 Idaho 295, 787 P.2d 281, *rehear. granted,* holding that Rodriguez, like Carrasco, had not been contemporaneously re-advised of the constitutional rights that he would be waiving at the time that he entered his guilty plea on November 17, 1986. We granted rehearing in *Carrasco*, and in an opinion issued in that case, this Court has rejected the rationale of the *Carrasco* plurality which required a contemporaneous re-advisement of rights at the time of change of plea from not guilty to guilty. Accordingly, the basis for the Court of Appeals reversal in this case has been overturned, and the Court of Appeals decision cannot stand.

We nevertheless must address Rodriguez's claim that the record does not reflect that Rodriguez was ever at any time adequately advised of the nature and consequences of pleading guilty, as required by I.C.R. 11(c) and *State v. Colyer*, 98 Idaho 32, 557 P.2d 626 (1976).

On September 8, 1986, Rodriguez was arraigned in district court and entered a plea of not guilty. An interpreter was present as Rodriguez, a Hispanic, spoke little English. The district judge read the full panoply of rights and consequences attendant upon entrance of a guilty plea at that time. The following excerpt from the transcript of the arraignment demonstrates the critical deficiency of that proceeding:

> The court also determines whether there is a factual basis for the entry of your plea of guilty. You would waive any defenses that you may have to the charges set forth in the Information. You would waive any claim that this court has in some manner treated you unfairly up to this point in time. Do any of you have any questions?
>
> (No response)

It simply cannot be determined from this colloquy whether Rodriguez actually understood the nature and consequences attendant upon entrance of a guilty plea because, when asked if he had any questions, the record reflects that no response was given. On November 17, 1986, pursuant to a plea bargaining agreement, Rodriguez entered a plea of guilty at the district court level. With respect to the issue now before us, the following excerpts from that proceeding are significant.

> THE COURT: Mr. Smith, before I inquire of your client, may I inquire of you as to whether or not you feel that you have had ample opportunity to visit with Mr. Rodriguez regarding these proposed changes and amendments?
>
> MR. SMITH: Yes, Your Honor. I have. I visited with him last week with the services of an interpreter for more than an hour. We discussed in detail the plea and the consequences of that plea.
>
> THE COURT: Mr. Rodriguez, do you understand any English at all?
>
> DEFENDANT RODRIGUEZ: Some.

THE COURT: Marina, would you inquire of Mr. Rodriguez if he understands what has been done here this afternoon?

(Questions to the Defendant by the Court now were through the interpreter.)

DEFENDANT RODRIGUEZ: Yes.

THE COURT: Would you then ask him if he has had ample opportunity to visit with Mr. Smith regarding these matters?

DEFENDANT RODRIGUEZ: Yes.

THE COURT: Would you then ask him if he is prepared this afternoon to enter a plea of guilty to Count I which charges him with Unlawful Delivery Of A Controlled Substance, to-wit: Heroin?

DEFENDANT RODRIGUEZ: Yes.

THE COURT: And would you ask him if he also is prepared to enter a plea of guilty to Count IV which charges him with Unlawful Delivery Of A Controlled Substance, to-wit: Cocaine?

DEFENDANT RODRIGUEZ: Yes.

THE COURT: Would you also then ask him if it is his understanding that upon his plea of guilty to these two Counts, Counts II and III against him will be dismissed by the State?

DEFENDANT RODRIGUEZ: Yes.

THE COURT: Would you then ask him to please tell us in his own words why he is pleading guilty to these two Counts?

DEFENDANT RODRIGUEZ: Because I was present and I was with them.

THE COURT: Would you ask him if he did what he is charged with doing?

DEFENDANT RODRIGUEZ: I feel guilty because I was involved on that.

THE COURT: Very well. Would you ask him if he knows of any other promises or agreements that may have been made in his behalf in exchange for a plea of guilty?

DEFENDANT RODRIGUEZ: No.

THE COURT: Let the record show that the Court will accept Mr. Rodriguez' plea of guilty. . . .

At the time Rodriguez entered his guilty plea Rule 11(c) of the Idaho Criminal Rules read:

**Rule 11. Pleas.** . . .

. . . . .

(c) Acceptance of plea of guilty. Before a plea of guilty is accepted, the record of the entire proceedings, including reasonable inferences drawn therefrom, must show:

(1) The voluntariness of the plea.

(2) The defendant was informed of the consequences of the plea, including minimum and maximum punishments, and other direct consequences which may apply. . . .

(3) The defendant was advised that by pleading guilty he would waive his right against compulsory self-incrimination, his right to trial by jury, and his right to confront witnesses against him.

(4) The defendant was informed of the nature of the charge against him.

(5) Whether any promises have been made to the defendant, or whether the plea is a result of any plea bargaining agreement, and if so, the nature of the agreement and that the defendant was informed that the court is not bound by any promises or recommendation from either party as to punishment.

. . . . .

In *State v. Colyer*, 98 Idaho 32, 35, 557 P.2d 626, 629 (1976), we held that "the record, including reasonable inferences drawn therefrom, must affirmatively show that the plea was voluntary, that the defendant waived the three constitutional rights,[1] and that he understood the consequences of pleading guilty."

The record in this case fails to satisfy the foregoing requirements. The record shows that when Rodriguez entered his guilty

---

**1.** The three constitutional rights referred to were set forth in *Boykin v. Alabama,* 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969), wherein the Court stated:

Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self incrimination. . . . Second, is the right to trial by jury. Third is the right to confront one's accusers.

plea the trial court did not attempt to re-advise Rodriguez of the rights he was waiving and the consequences of his plea. Though Rodriguez had been previously advised of that information at the district court level, the record does not "affirmatively show" that Rodriguez "understood" that information. The record reflects "no response" to the question asked if he had any questions about what rights he was waiving. As this Court held in *State v. Colyer, supra,* whether the record affirmatively shows that the defendant understood the constitutional rights he was waiving, and the consequences of pleading guilty, may be established from sources other than the defendant, such as his counsel. In this case the record is nevertheless lacking. The record reflects that the Court, at the time of sentencing, asked Rodriguez's counsel the following question which elicited the following response:

THE COURT: Mr. Smith, before I inquire of your client, may I inquire of you as to whether or not you feel that you have had ample opportunity to visit with Mr. Rodriguez regarding these proposed changes and amendments?

MR. SMITH: Yes, Your Honor. I have. I visited with him last week with the services of an interpreter for more than an hour. We discussed in detail the plea and the consequences of that plea.

The question elicited by the court of counsel, and counsel's response, does not disclose counsel's opinion that the defendant understood that by pleading guilty he was waiving certain enumerated constitutional rights, and further that he understood the sentencing consequences of pleading guilty. Thus, the record does not "affirmatively show that plea was voluntary, that the defendant waived the three constitutional rights, and that he understood the consequences of pleading guilty," *State v. Colyer,* 98 Idaho at 35, 557 P.2d at 629. Accordingly, on this record the order of the district court denying the defendant's motion to withdraw his guilty plea is reversed and the cause remanded for further proceedings.

BISTLINE, JOHNSON and McDEVITT, JJ., and SCHROEDER, J. Pro Tem., concur.

BISTLINE, Justice, specially concurring.

Although I have concurred, it is not to be understood that I am in agreement with the notion that a reversal would not also be required had *counsel* assured the court that in his opinion Rodriguez understood that by pleading guilty he was waiving constitutional rights of which he must demonstrate knowledge, and that Rodriguez was aware of the sentences which might be imposed upon him. I do not have any doubt that Mr. Smith could have fully advised Rodriguez in all respects as well as would the court, but it is for *the court to ascertain to its satisfaction* that a plea is voluntary, and that waiver of constitutional rights was intelligently and knowingly made.