824 P.2d 128

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Geno MAURO, Defendant–Appellant.**

**No. 18109.**

Court of Appeals of Idaho.

Nov. 29, 1990.

Rehearing Denied Feb. 19, 1991.

Petition for Review Granted
May 10, 1991.

Johnson & Meikle, Idaho Falls, for defendant-appellant. David A. Johnson argued.

Jim Jones, Atty. Gen., Jack B. Haycock, Deputy Atty. Gen., argued, Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

The appellant, Geno Mauro, pled guilty to a felony charge of delivery of a controlled substance, cocaine. I.C. § 37–2732. Initially, the district court imposed an indeterminate sentence of six years, to be served concurrently with the sentence imposed in another case in which Mauro had pled guilty to delivery of methamphetamine.[1] Later, to conform with the Unified Sentencing Act, the court resentenced Mauro to the custody of the Board of Correction for a period of six years with a three-year minimum term of confinement. On appeal, Mauro raises three issues. First, he contends that the district court erred in refusing to grant his motion to withdraw his guilty plea, predicated upon the failure of the court to comply with I.C.R. 11(c) when accepting that plea and upon the state's alleged breach of a plea bargain agreement. Next, he asserts that the court erred in considering evidence of Mauro's involvement in an alleged illegal drug ring, detailed in a presentence investigation report prepared for this case. Finally, he submits that the district judge erred by failing to grant his motion to disqualify the judge before he was initially sentenced in this case.

Because we conclude that the denial of Mauro's motion to withdraw his guilty plea was an abuse of discretion, we vacate the judgment of conviction and remand this case for further proceedings. Our disposition of the cause renders unnecessary any decision on the other issues raised by Mauro.

The following background is pertinent to our decision. Mauro pled guilty pursuant to a negotiated plea agreement in which the prosecutor agreed not to recommend any term of a sentence except for a period of 120 days while the district court retained jurisdiction over the defendant.[2] I.C. § 19–2601(4). At the time Mauro tendered his plea of guilty, the court was advised of the plea agreement. In the course of accepting Mauro's plea, the court inquired of Mauro whether he understood that the

court was not bound by the prosecutor's recommendation. Mauro answered in the affirmative. However, the court failed to advise Mauro that if the court did not accept the prosecutor's recommendation, the defendant would have no right to withdraw his plea of guilty. *See* I.C.R. 11(d)(2). Mauro's plea of guilty was entered and accepted by the court, and the matter was continued for a sentencing hearing.

Later, Mauro changed counsel. Before Mauro was sentenced, his new attorney filed a motion to withdraw the guilty plea on the ground that Mauro understood the prosecutor had agreed to recommend probation. Upon argument of the motion, the court took the question under advisement for one week, to announce its decision coincidentally with the hearing scheduled for Mauro's sentencing. At the next hearing, the district court ruled that the record clearly showed that the prosecutor had agreed to recommend retained jurisdiction for 120 days and there was no agreement the prosecutor would recommend probation. The court denied the motion to withdraw the plea and proceeded with the sentencing. The court imposed an indeterminate six-year sentence but retained jurisdiction for 120 days.

Prior to the expiration of the period of retained jurisdiction, the court relinquished its jurisdiction. Mauro then filed a notice of appeal. He also filed a motion under I.C.R. 35 for reduction of his sentence. Before his motion to reduce his sentence was decided, the district court scheduled a hearing for resentencing under the Unified Sentencing Act, I.C. § 19–2513. At the hearing, Mauro reminded the court of the pending Rule 35 motion, and requested that his sentence be adjusted to run concurrently with a three-year sentence he had recently received on a federal charge. In response, the prosecutor noted that the resentencing hearing was necessary merely to impose a minimum fixed term as part of Mauro's six-year sentence and, since it appeared the defendant was seeking a three-year sentence under Rule 35, the prosecu-

---

**1.** The notice of appeal in the present case encompasses only the disposition on the cocaine charge. Consequently, we express no opinion with regard to the judgment of conviction or sentence imposed for the methamphetamine charge.

**2.** The prosecutor also agreed to dismiss three pending misdemeanor charges.

tor urged the court to retain the six-year aggregate sentence and to impose a minimum three-year term.

Mauro immediately objected, contending the prosecutor had violated the plea agreement by arguing for a sentence exceeding the 120–day retained jurisdiction period.[3] The court decided, after hearing these arguments, to proceed with sentencing. The court imposed a unified sentence totalling six years, consisting of a minimum fixed term of three years followed by an indeterminate term of three years. Mauro withdrew his Rule 35 motion and filed an amended notice of appeal.

The standard for review on appeal in cases where a defendant has attempted to withdraw a guilty plea is whether the district court abused its discretion in denying the motion. *State v. Carrasco*, 117 Idaho 295, 787 P.2d 281 (1990). Before a trial court accepts a plea of guilty in a felony case, the record must show that the plea has been made knowingly, intelligently and voluntarily, and the validity of a plea is to be determined by considering all the relevant circumstances surrounding the plea as contained in the record. *Id.* at 297–98, 787 P.2d at 283–84. Rule 11, I.C.R., sets forth the minimum requirements which must be followed when a court accepts a plea of guilty. The purpose of these requirements is to assure that a defendant's plea of guilty has been proffered knowingly, intelligently and voluntarily. After acceptance of a guilty plea, withdrawal of the plea should be permitted by the court upon motion of a defendant under I.C.R. 33(c) if it appears that the plea was legally defective because any one of the required elements is missing. *State v. Detweiler*, 115 Idaho 443, 767 P.2d 286 (Ct.App.1989); *see also State v. Carrasco, supra.* One of the required elements, which must appear in the record, is that the defendant was informed of the consequences of the plea. I.C.R. 11(c)(2). If the plea is entered pursuant to a plea agreement, the plea is subject to additional requisite steps delineated in Rule 11(d):

(d) Plea agreement procedure. (1) In general. The prosecuting attorney and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that upon the entering of a plea of guilty to a charged offense or to a lesser or related offense, the prosecuting attorney will do any of the following:

(A) move for dismissal of other charges; or .

(B) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court; or

(C) agree that a specific sentence is the appropriate disposition of the case; or

(D) agree to any other disposition of the case.

The court may participate in any such discussions.

(2) Notice of Such Agreement. If a plea agreement has been reached by the parties, the court shall, on the record, require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered. If the agreement is of the type specified in subdivision (d)(1)(A), (C) or (D), the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report. *If the agreement is of the type specified in subdivision (d)(1)(B), the court shall advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw his plea.* [Emphasis supplied.]

■ The final sentence contained in Rule 11(d)(2) bears directly upon the question of whether the defendant's plea was intelligently and knowingly entered. Under that

---

**3.** The issue of whether the prosecutor violated the plea agreement is one of the issues we need not decide. However, it does appear that Mauro had a valid objection. The prosecutor who made the request for a three-year minimum period of confinement was not the same deputy prosecutor who earlier had agreed not to request any more than a retained jurisdiction period of 120 days. *See State v. Rutherford*, 107 Idaho 910, 693 P.2d 1112 (Ct.App.1985).

provision, the defendant is entitled to be made aware that he will have no right to withdraw his plea in the event the court does not accept the prosecutor's recommendation for disposition. Without that awareness appearing in the record, it cannot be said that the defendant's tender of his plea was made with knowledge of the "consequences" of pleading guilty.

In the present case, there is nothing in the record establishing that Mauro ever was made aware he would lose the right to withdraw his plea if the court did not accept the prosecutor's recommendation. Under these circumstances, we hold that the plea was defective and should not have been accepted under Rule 11. It follows that Mauro is entitled to relief on his motion for withdrawal of his plea.

In its argument on appeal, the state concedes the district court erred by not complying with Rule 11 when Mauro's plea was accepted. However, the state argues that the error was harmless and should not be considered because Mauro never raised that defect as a ground for setting aside his plea in the district court. We disagree with the state's analysis. The state's argument begs the question of whether Mauro's plea was entered knowingly and intelligently. We hold that it was not. The defect was a fundamental impediment to the entry of a valid plea of guilty. It is well-settled that fundamental errors may be raised for the first time on appeal. *State v. White,* 97 Idaho 708, 551 P.2d 1344, *cert. denied.,* 429 U.S. 842, 97 S.Ct. 118, 50 L.Ed.2d 111 (1976); *State v. Grob,* 107 Idaho 496, 690 P.2d 951 (Ct.App.1984). Moreover, where the discretionary decision of the trial court—to deny a motion to withdraw a plea—appears erroneous in light of the appellate record with respect to the entry of a voluntary, knowing and intelligent plea of guilty, the proper appellate response is to reverse the trial court's decision for abuse of discretion. *State v. Carrasco, supra; State v. Rodriguez,* 117 Idaho 292, 787 P.2d 278 (1990).

Accordingly, the judgment of conviction is vacated. The order of the district court denying Mauro's motion to withdraw his plea is reversed and the case is remanded to the district court for further proceedings.

SWANSTROM and SILAK, JJ., concur.