**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42463**

| | | |
|---|---|---|
| **JOSE MANUEL GONZALEZ,** | ) | **2015 Unpublished Opinion No. 691** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: November 3, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Jose Manuel Gonzalez appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. Specifically, Gonzalez requests that this Court vacate the district court's summary dismissal because a genuine issue of material fact exists as to whether his guilty plea was voluntary. For the reasons discussed below, this Court affirms.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Gonzalez with aggravated assault, disturbing the peace, and battery. Gonzalez pled guilty pursuant to a plea agreement at a change of plea hearing. Shortly after sentencing, Gonzalez filed a motion to withdraw his guilty plea. Gonzalez alleged that he entered his guilty plea under pressure from his court-appointed trial counsel. On the same day he filed his motion to withdraw his plea, Gonzalez filed a petition for post-conviction relief, arguing

1

he only accepted the plea agreement because trial counsel threatened him. Apparently, while visiting Gonzalez in the courthouse holding cell, his trial counsel threatened "in words or substance, that if [Gonzalez] did not take the deal offered by the prosecutor, that she would strangle [Gonzalez]." During the post-conviction proceedings, the parties stipulated that Gonzalez became afraid of his trial counsel and lacked confidence in her after the threat. He asserted that his fear and lack of confidence in his trial counsel impacted his decision to plead guilty, and therefore there exists a genuine issue of material fact as to whether his plea was voluntary. The State filed a motion for summary dismissal. In granting the motion, the district court noted that it gave Gonzalez the opportunity to address his fear and lack of confidence in trial counsel at the change of plea hearing. Since Gonzalez did not bring his fear and lack of confidence to the district court's attention, after the court inquired into the voluntariness of his plea, and since the district court found no further evidence of an involuntary plea, it summarily dismissed Gonzalez's petition for post-conviction relief and found Gonzalez was not entitled to withdraw his guilty plea. Gonzalez appeals.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a proceeding that is civil in nature. Idaho Code § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

2

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

3

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

Gonzalez argues the district court erred in granting the State's motion for summary dismissal because there was a genuine issue of material fact as to whether his guilty plea was voluntary. Specifically, Gonzalez maintains the district court failed to adequately address Gonzalez's claim that he lacked confidence in his trial counsel and how Gonzalez's lack of confidence impacted the voluntariness of his guilty plea.

Idaho Criminal Rule 11(c) sets forth the minimum requirements that a trial court must follow before accepting a guilty plea. *Ray v. State*, 133 Idaho 96, 99, 982 P.2d 931, 934 (1999); *State v. Detweiler*, 115 Idaho 443, 446, 767 P.2d 286, 289 (Ct. App. 1989). Rule 11(c) states:

> Before a plea of guilty is accepted, the record of the entire proceedings, including reasonable inferences drawn therefrom, must show:
> (1) The voluntariness of the plea.
> (2) The defendant was informed of the consequences of the plea, including minimum and maximum punishments, and other direct consequences which may apply.
> (3) The defendant was advised that by pleading guilty the defendant would waive the right against compulsory self-incrimination, the right to trial by jury, and the right to confront witnesses against the defendant.
> (4) The defendant was informed of the nature of the charge against the defendant.
> (5) Whether any promises have been made to the defendant, or whether the plea is a result of any plea bargaining agreement, and if so, the nature of the agreement and that the defendant was informed that the court is not bound by any promises or recommendation from either party as to punishment.

If the record indicates the trial court followed the Rule 11(c) requirements, this is a prima facie showing that the plea is voluntary and knowing. *Ray*, 133 Idaho at 99, 982 P.2d at 934. The defendant then has the burden of persuasion to demonstrate a manifest injustice by establishing that the plea was induced by misapprehension, inadvertence, or ignorance. *Detweiler*, 115 Idaho at 446, 767 P.2d at 289.

Here, the parties do not dispute that the district court complied with the Rule 11(c) requirements at Gonzalez's change of plea hearing. Gonzalez, however, contends that he

4

overcomes the prima facie showing of voluntariness with the factual assertion that he was both afraid of his trial counsel and lost confidence in his trial counsel due to trial counsel's threat of physical violence. He argues the district court erred in summarily dismissing Gonzalez's claim because it failed to adequately address his lack of confidence in trial counsel. However, the district court referred to the change of plea hearing discussion regarding Gonzalez's claim that he lost confidence in his trial attorney. It noted:

> Gonzalez alleges in his amended petition that following [trial counsel's] threats he . . . "lacked confidence in [trial counsel] as his attorney to advocate for him at trial, and as such wholeheartedly believed that his only option in his case was to plead guilty" . . . . This again is in direct conflict with the record of his change of plea when he was asked under oath if he had adequate access to his attorney; whether he was satisfied with the services of his attorney; and whether his attorney was adequately prepared and as to each question he answered "Yes."

Contrary to Gonzalez's assertion, the district court specifically considered Gonzalez's claim based on lack of confidence in his trial counsel. Ultimately, the district court found the record did not support Gonzalez's claim. We agree. Accordingly, there is no genuine issue of material fact as to the voluntariness of Gonzalez's guilty plea.

### III.

### CONCLUSION

Gonzalez failed to establish a genuine issue of material fact because the record belies his claim concerning the voluntariness of his guilty plea. The district court therefore properly summarily dismissed his petition for post-conviction relief. The district court's judgment summarily dismissing Gonzalez's petition for post-conviction relief is affirmed.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.