844 P.2d 18

STATE of Idaho, Plaintiff–Respondent,

v.

Charles A. BELOIT, Defendant–
Appellant.

No. 19240.

Supreme Court of Idaho,
Boise, October 1992 Term.

Dec. 30, 1992.

Clark & Feeney, Lewiston, for appellant. Paul T. Clark argued.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., argued, Boise, for respondent.

BAKES, Chief Justice.

Appellant Charles A. Beloit appeals from a felony conviction for driving under the influence of alcohol in violation of I.C. §§ 18–8004 and 18–8005(3).[1] Beloit entered a conditional plea of guilty to the felony, raising essentially one issue on appeal, *i.e.*, that two of the three prior DUI convictions used by the State in enhancing his charge from a misdemeanor to a felony were not valid convictions for purposes of the felony enhancement provisions because Beloit was not provided all of his constitutional rights under the United States or Idaho Constitution at the time of those convictions. Beloit does not contest the validity of his DUI conviction from Kootenai County, but claims on appeal that the two Nez Perce County convictions, No. 62898 in 1987 and No. 69523 in 1989, were invalid. Beloit acknowledges that if either of the two Nez Perce County convictions is valid, then his appeal in this case is without merit. We conclude that the Nez Perce County conviction in No. 69523, entered October 30, 1989, is a valid conviction in which Beloit was accorded all of his constitutional rights, and accordingly, we affirm the conviction in this case.

Prior to entering his conditional plea of guilty, Beloit filed a motion *in limine* seeking to prevent the admission of the two prior Nez Perce County convictions. The prosecuting attorney produced certified copies of those two judgments of conviction, together with copies of the transcript of the proceedings and a rights form signed by the defendant. In Nez Perce County Case No. 69523, Beloit did not introduce any evidence himself, but rather argued that, even though the documents

---

1. I.C. § 18–8005(3) is currently renumbered I.C. § 18–8005(5).

introduced by the State showed that he had waived his constitutional rights, the documents did not show that he did it knowingly and intelligently.

The trial court reviewed the record carefully and denied Beloit's motion *in limine*, concluding that the conviction in Nez Perce County Case No. 69523, dated October 30, 1989, was a valid conviction and that Beloit had not carried his burden of raising an issue of fact regarding the validity of that conviction.

 We conclude that the trial court did not err. The United States Supreme Court has held in *Parke v. Raley*, — U.S. —, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992), that once the State has made a *prima facie* showing of the validity of a prior conviction used to enhance a pending crime, the burden of going forward with proof that the conviction was defective because of the denial of some constitutional right *may be placed upon the defendant* without violating the United States Constitution. *See also Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). Once the defendant does raise a triable issue of fact concerning whether the defendant was accorded all of his rights, or that he did not properly waive them, the burden is then upon the State to rebut the defendant's evidence and convince the court that no violation of the defendant's rights occurred. *People v. Coffey*, 67 Cal.2d 204, 60 Cal.Rptr. 457, 430 P.2d 15 (1967). The Eighth Circuit, in *Losieau v. Sigler*, 406 F.2d 795 (8th Cir.1969), *cert. den.* 396 U.S. 988, 90 S.Ct. 475, 24 L.Ed.2d 452 (1969), has also held that the burden of going forward with proof concerning the violation of constitutional rights in a case being used for enhancement purposes is on the defendant:

> We are inclined to believe that *Burgett* must be read as holding that where the record is silent as to whether an accused was furnished counsel at a critical stage and where the accused introduces evidence tending to show that he was not in fact so represented, the burden then shifts to the state to prove, by a fair preponderance of the evidence, that the accused was represented.

*Id.* at 803. In this case, the trial court found that the defendant Beloit had not met his burden of producing evidence that he did not knowingly and intelligently waive his rights when he entered his *counseled* plea of guilty to the Nez Perce County Case No. 69523, entered October 18, 1989. Accordingly, the trial court properly used that conviction, along with the uncontested Kootenai County conviction, to enter judgment against Beloit.

Beloit argues that our decision in *State v. Mesenbrink*, 115 Idaho 850, 771 P.2d 514 (1989), requires that any judgment of conviction, in order to qualify for enhancement purposes, must contain essentially all of the information set out in Idaho Misdemeanor Rule 5(f). However, the sole issue authoritatively resolved in *Mesenbrink* was that the State of Idaho did not have a right to appeal and the Court in *Mesenbrink* dismissed the appeal. Accordingly, that portion of the Court's opinion in *Mesenbrink* upon which the appellant Beloit relies was *dicta*, as correctly noted in the dissent of Justice Johnson in *Mesenbrink*.

Accordingly, we conclude that the State met its burden of establishing that Nez Perce County conviction No. 69523, entered October 30, 1989, was a valid conviction which, together with the Kootenai County conviction, was sufficient to enhance the current conviction to a felony. Therefore, we affirm the district court's judgment of conviction.

JOHNSON and McDEVITT, JJ., and SCHWARTZMAN, J. pro tem., concur.

BISTLINE, Justice, dissenting.

Today the majority concludes that the district court did not err in concluding that Beloit did not "carr[y] his burden of raising an issue of fact regarding the validity of th[e] conviction." The problem with that statement is twofold: 1) the defendant did not have such a burden and 2) the evidence presented to the district court shows that neither of the two Nez Perce County guilty pleas used to establish the offense were validly obtained. Accordingly, this Justice cannot join the majority's opinion.

I. A DEFENDANT IS NOT REQUIRED TO DISPUTE OR ATTEMPT TO DISPROVE AN ELEMENT OF THE CRIME BEFORE THE STATE IS REQUIRED TO PROVE THAT ELEMENT BEYOND A REASONABLE DOUBT.

It is clear and unneedful of repeating that the burden of proving any necessary element of a charged offense is always with the State and may never be shifted to the defendant. The United States Supreme Court has said that is so, and I, too, say that it is so.

> Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.

*In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970).

*Parke v. Raley,* ―― U.S. ――, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992), cited by the majority in support of its contention that the defendant bears the burden of coming forward with evidence that the prior convictions were unconstitutional, does not hold to the contrary of *Winship* and is easily distinguishable from this case. *Parke* involved a statute which provided for the enhancement of punishment if the defendant had prior convictions. The statute only required that the state produce proof of the fact of a previous conviction.

> Once this is done, a presumption of regularity attaches, and the burden shifts to the defendant to produce evidence that his rights were infringed.... If the defendant refutes the presumption of regularity, the burden shifts back to the government affirmatively to show that the underlying judgment was entered in a manner that did, in fact, protect the defendant's rights.

*Parke,* ―― U.S. at ――, 113 S.Ct. at 520. The Supreme Court described the "narrow question" with which it was faced as whether "due process permits Kentucky to employ its particular burden-of-proof scheme when allowing recidivism defendants to attack previous convictions as invalid under *Boykin [v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) ]." *Id.* at ――, 113 S.Ct. at 522. The Supreme Court held that the Kentucky's burden-shifting rule passed constitutional muster.

All of the above is very interesting but inapplicable to this case. The statute involved in the instant case changes the nature of the offense upon proof of prior convictions. This is a significant difference. As Justice Blackmun wrote in his concurring opinion in *Parke:*

> I write separately, however, to emphasize that I agree with [the majority's] conclusion only because Kentucky's persistent-felony-offender statute [citation omitted] is a sentencing provision rather than a statute creating a separate criminal offense.
>
> . . . .
>
> The Supreme Court of Kentucky has described the persistent-felony-offender statute:
>
> > "There is no additional punishment imposed by a persistent felony offender conviction, merely a more severe punishment. KRS 532.080 does not create or define a criminal offense. It recognizes a status and, in a proceeding separate and apart from the initial trial, fixes a penalty which is to be imposed rather than the one fixed by the jury on the initial trial." *Hardin v. Commonwealth,* 573 S.W.2d 657, 661 (Ky.1978).
>
> . . . .
>
> I believe that had Kentucky chosen to make being a persistent-felony offender a separate crime ... the Commonwealth would have had the burden affirmatively to prove that the underlying felony convictions were obtained by constitutional means. Under those circumstances, *Boykin* would not permit the Commonwealth to rely upon a silent record.

―― U.S. at ――, 113 S.Ct. at 528.

Beloit's case is exactly the situation to which Justice Blackmun refers. The felony D.U.I. statute is *not* a sentencing provision, as was the Kentucky provision. Rath-

er, it creates and defines a separate crime. The properly proved existence of two prior D.U.I. convictions changes the offense from a misdemeanor to a felony. Thus, *Parke* is totally irrelevant to this case; moreover, Justice Blackmun's concurrence undermines the result in this case.

The majority states that the State need only present a *prima facie* showing of the validity of the prior conviction before the burden shifts to the defendant to present evidence of unconstitutionality. And although the majority does not favor the reader with its definition of a *prima facie* case, it apparently means the State need only prove that a conviction exists, presumably by the introduction of a judgment of conviction. However, the mere fact that there was a conviction obtained by guilty plea is not *prima facie* evidence that the guilty plea was constitutionally valid.

As the Court in *Boykin* noted:

A plea of guilty is more than a confession which admits the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment. See *Kercheval v. United States*, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009. Admissibility of a confession must be based on a "reliable determination on the voluntariness issue which satisfies the constitutional rights of the defendant." *Jackson v. Denno*, 378 U.S. 368, 387, 84 S.Ct. 1774, 1786, 12 L.Ed.2d 908. The requirement that the prosecution spread on the record the prerequisites of a valid waiver is no constitutional innovation. In *Carnley v. Cochran*, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70, we dealt with a problem of waiver of the right to counsel, a Sixth Amendment right. We held: "Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."

We think the same standard must be applied to determining whether a guilty plea is validly made.

*Boykin*, 395 U.S. at 242, 89 S.Ct. at 1712. In short, *Boykin* expressly forbids the State to prove the constitutional validity of the prior conviction upon a "silent record." *Boykin*, 395 U.S. at 243, 89 S.Ct. at 1712; *Parke*, —— U.S. at ——, 113 S.Ct. at 527–28 (Blackmun, J. concurring).

As does Justice Blackmun, I believe that *the State bears the burden* of proving beyond a reasonable doubt that the predicate guilty pleas were constitutional in that they were made knowingly, intelligently, and voluntarily, since the felony D.U.I. statute makes the predicate convictions elements of the crime. *Parke*, —— U.S. at ——, 113 S.Ct. at 527–28; *see also In re Winship*, 397 U.S. 358, 90 S.Ct. 1068; *and Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709. Moreover, unless the prior convictions were constitutionally obtained, they cannot be used to change the nature of the offense from misdemeanor to felony. *Baldasar v. Illinois*, 446 U.S. 222, 223, 100 S.Ct. 1585, 1585, 64 L.Ed.2d 169 (1980) (uncounseled plea of guilty could not be used to convert a subsequent misdemeanor into a felony).

This Court has previously stated, correctly in this Justice's view, that the State in a felony D.U.I. prosecution could not prove that the predicate felonies obtained by guilty plea were constitutionally valid merely by introducing copies of judgments of convictions. Instead we required the State to produce affirmative proof that the *Boykin* case (and the court rules established to implement that case) had been followed. *State v. Mesenbrink*, 115 Idaho 850, 771 P.2d 514 (1989). We noted that such a requirement was "simple and not burdensome" because I.C.R. 11 and I.M.C.R. 5(f) already required the court to fully advise the defendant of his rights before a guilty plea could be accepted.

In contrast we note that the requirements of a showing of guilt beyond a reasonable doubt. In this regard do we place an unreasonable burden upon the State to go beyond the judgment of conviction to show that the defendant was advised of his constitutional rights prior to the entry of that conviction? In the instant case we do not view such a bur-

den as onerous, but merely a perfunctory indication on the face of the documents that compliance has been had with the provisions of I.C.R. 11 and I.M.C.R. 5(f). Hence we view our decision in the instant case as placing no further or undue burden upon law enforcement officials, but rather as only requiring our *courts* to follow our mandated rules of procedure.

115 Idaho at 851, 771 P.2d at 515.

Although the majority cavalierly dismisses the above passage in *Mesenbrink* as "*dicta*," Op. at 123 Idaho at 37, 844 P.2d at 19, there is no doubt that it is far better reasoned and true to Supreme Court precedent than the analysis in the majority's opinion. Further, in what appears to be an unintended irony, the dissenters in *Mesenbrink*, who decried the *dicta* in that case, *Mesenbrink*, 115 Idaho at 852, 771 P.2d at 516 (Johnson, J. dissenting joined by Bakes, J.), now go out of their way to opine, in *dicta*, that the State need only present a *prima facie* case of a valid conviction before the burden of presenting evidence of unconstitutionality shifts to the defendant. The question of burden-shifting is not presented in this case because, unlike the prosecutors in *Mesenbrink*, the State presented more than just the judgment of convictions—they produced actual transcripts from the guilty plea proceedings below. Beloit simply argues that those transcripts do not prove that the guilty pleas were constitutionally valid. Therefore the issue here is (as will be discussed below) whether those transcripts prove that the guilty pleas were validly obtained.

The better course of action for the majority to take today would be to adhere to the reasoning in *Mesenbrink* and follow the law as announced by the U.S. Supreme Court. Wherein the majority says the State need only present a *prima facie* case before the burden shifts to the defendant, it errs thrice: 1) in relieving the State of its constitutional burden of proving every element of the crime beyond a reasonable doubt, as required by *Winship;* 2) in allowing the State to prove the validity of a guilty plea with evidence which *Boykin* found to be insufficient; and 3) as will be

demonstrated below, in allowing an uncounseled guilty plea to be used to convert a misdemeanor offense into a felony in violation of *Baldasar*. Fortunately for the destiny of Idaho law, the language in the majority opinion as to burden-shifting is *dicta*.

## II. THE RECORD SHOWS NEITHER OF THE PREDICATE CONVICTIONS AT ISSUE HERE WERE VALIDLY OBTAINED.

The two guilty pleas at issue here arise from Nez Perce County case numbers 62898 and 69523. Only one of these two convictions need be valid because there is an admittedly valid Kootenai County conviction. However, neither conviction was validly obtained.

Although the majority does not address No. 62898 in its opinion (because of its erroneous conclusion that there was a valid guilty plea in No. 69523), an inspection of the proceedings shows the guilty plea there was not validly obtained. The relevant portion of the guilty plea proceeding in No. 62898 is set forth below:

THE COURT: I would be prepared to appoint a court appointed attorney for you at no cost to you if you meet the financial qualifications. Would you be interested in doing that?

A. [BELOIT]: No, ma'am.

THE COURT: Okay. You give up your right then to have a court appointed attorney?

A. Yes, ma'am.

THE COURT: Would you like an attorney, to hire an attorney yourself?

A. No, ma'am.

THE COURT: Okay. You give up the right then to be represented by an attorney in this case?

A. Yes, ma'am.

THE COURT: Okay. Mr. Beloit, I'm prepared to ask you then to the charge of operating a motor vehicle under the influence, how do you plead, not guilty or guilty?

A. Guilty.

Tr. at 13.

It is plain from the face of the record that the court allowed Beloit to plead guilty without the benefit of counsel or a valid waiver thereof. The United States Supreme Court has held that the decision to waive counsel must be made knowingly and intelligently. *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975); *accord State v. Clayton*, 100 Idaho 896, 606 P.2d 1000 (1980).

The standard to be applied in determining whether there has been a valid waiver of the right to counsel is whether there has been a knowing and intelligent waiver of a known right, and that determination rests on the facts of each individual case. *Edwards v. Arizona*, 451 U.S. 477, 482, 101 S.Ct. 1880, 1883, 68 L.Ed.2d 378 (1981); *State v. Ruth*, 102 Idaho 638, 642, 637 P.2d 415, 419 (1981). Among the factors to be considered by the court before allowing a waiver of counsel are the person's age, education, familiarity with the English language and the complexity of the crime involved. I.C. § 19–857. Further, that statute requires the court to "find[ ] of record that he has acted with full awareness of his rights and the consequences of a waiver." *Id.*

Here the court did not make a finding on the record that Beloit was acting with the full awareness of his rights and the consequences of his action, nor does the record show that the court considered any of the I.C. § 19–857 factors. In my view, this colloquy was insufficient to establish a knowing and intelligent waiver of Beloit's right to counsel as required by *Faretta* and *Clayton*. This uncounseled conviction should not have been used to change the current offense from a misdemeanor to a felony. *Baldasar*, 446 U.S. 222, 100 S.Ct. 1585.

As to No. 69523, the majority, without discussing the evidence presented relative thereto, summarily concludes that "the trial court properly used that conviction ... to enter judgment against Beloit." Op. at 123 Idaho at 37, 844 P.2d at 19. However, the majority is wrong because the court in accepting the guilty plea did not adequately advise Beloit of the rights he was waiving by pleading guilty nor of the direct consequences of the plea as required by *Boykin* and our case of *State v. Colyer*, 98 Idaho 32, 557 P.2d 626 (1976). In *Colyer* we held that "the record, including reasonable inferences drawn therefrom, must affirmatively show the plea was voluntary, that the defendant waived the [*Boykin* ] rights, and that he understood the consequences of pleading guilty." *Colyer*, 98 Idaho at 35, 557 P.2d at 629. In particular, "[t]he defendant should be informed of the possible consequences of pleading guilty including the maximum sentence and other direct consequences which may apply, such as the persistent violator statute." 98 Idaho at 36, 557 P.2d at 630. *Accord State v. Rodriguez*, 117 Idaho 292, 787 P.2d 278 (1990).

The colloquy at the guilty plea hearing regarding the important constitutional rights Beloit was waiving was this much and no more:

THE COURT: Do you understand and recall all of your rights on this charge?

A. [BELOIT] Yes, your Honor.

THE COURT: And that you'll be giving those up in doing this today?

A. Yes, sir.

Tr. at 44.

Admittedly, the court did advise Beloit of his *Boykin* rights at a hearing held three weeks earlier, where Beloit appeared without counsel. But the superficial questioning by the court at the second hearing does not demonstrate that Beloit actually remembered all of his rights or that he had a true understanding thereof when he pleaded guilty. In my view, this record does not establish beyond a reasonable doubt that the guilty plea in Nez Perce County case No. 69523 was voluntarily made.

Adhering to the reasoning of the *Mesenbrink* case, this justice believes the Court's holding this day should be that the State here failed to carry its burden of proving the validity of either of the two convictions in Nez Perce County beyond a reasonable doubt; the conviction should be vacated

**42**

and the cause remanded for entry of a misdemeanor conviction.