873 P.2d 161

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Gary D. MAXEY, Defendant–Appellant.**

No. 19356.

Court of Appeals of Idaho.

May 28, 1993.

Review Granted Aug. 30, 1993.

Clark & Feeney, Lewiston, for defendant-appellant. Paul T. Clark argued.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent. Myrna A.I. Stahman argued.

SILAK, Acting Judge.

Gary D. Maxey appeals from the district court's denial of his pretrial motions requesting dismissal of the State's enhanced charge of felony driving under the influence (DUI), asserting that enhancement of the charge to felony DUI was improper because the enhancement was based on two prior DUI convictions which were constitutionally and statutorily invalid. For the reasons stated be-

low, we conclude that neither of Maxey's prior DUI convictions relied on by the state are valid to enhance the DUI charged in this case.

## FACTS AND PROCEDURAL BACKGROUND

Maxey was charged with felony DUI pursuant to I.C. §§ 18–8004 and 18–8005(3).[1] The DUI charge was enhanced to a felony based on two prior DUI convictions in Nez Perce County on October 20, 1987, and December 6, 1989. Maxey subsequently filed pretrial motions challenging the State's ability to use the prior convictions for enhancement purposes. Maxey asserted that the 1987 DUI conviction was invalid for enhancement purposes for two reasons: (1) because his waiver of the right to counsel in that case was not made knowingly and intelligently as required by the state and federal constitutions and I.C. § 19–857, and (2) because his guilty plea in that case was not entered knowingly and intelligently as required by the state and federal constitutions and I.C.R. 11. Maxey asserted that his 1989 conviction was invalid for enhancement purposes because his plea in that case was not entered knowingly and intelligently as required by the state and federal constitutions and I.C.R. 11.

The district court denied Maxey's motions, and Maxey entered a conditional guilty plea under I.C.R. 11, reserving the right to appeal the denial of his motions. The district court accepted Maxey's plea and entered an order withholding judgment and placing Maxey on probation for five years. The conditions of Maxey's probation included nine months in the county jail with authorization for work release, absolute suspension of his driving privileges during the jail term and for one year following his release, substance abuse counseling, and payment of $1,500 in restitution to the county. Maxey's sentence was stayed during the pendency of this appeal. Maxey now appeals the denial of his pretrial motions and the order withholding judgment and ordering probation.

## ISSUES ON APPEAL

Maxey raises two issues on appeal. The first issue is whether his 1987 DUI conviction is valid for enhancement purposes. Maxey challenges the use of this conviction on two grounds: (a) because he did not knowingly and intelligently waive his right to counsel in that case under the state and federal constitutions and I.C. § 19–857, and (b) because his guilty plea in that case was not knowing, intelligent and voluntary under the state and federal constitutions and I.C.R. 11. The second issue Maxey raises is whether his 1989 DUI conviction is valid for enhancement purposes. Maxey claims that it is not because his guilty plea in that case was not knowing, intelligent and voluntary under the state and federal constitutions and I.C.R. 11.

## ANALYSIS

Our Supreme Court recently set forth the burden of proof which applies in cases where a defendant collaterally attacks the constitutional validity of prior convictions to prevent the state from using those convictions to enhance pending charges.

> [O]nce the State has made a *prima facie* showing of the validity of a prior conviction used to enhance a pending crime, the burden of going forward with proof that the conviction was defective because of the denial of some constitutional right *may be placed upon the defendant* without violating the United States Constitution. Once the defendant does raise a triable issue of fact concerning whether the defendant was accorded all of his rights, or that he did not properly waive them, the burden is then upon the State to rebut the defendant's evidence and convince the court that no violation of the defendant's rights occurred.

*State v. Beloit,* 123 Idaho 36, 37, 844 P.2d 18, 19 (1992). Having these rules in mind, we will now consider Maxey's constitutional challenges to his prior convictions.

1. *Whether Maxey Knowingly and Intelligently Waived his Right to Counsel in the 1987 DUI Case.* Maxey claims that in the 1987 case he did not knowingly and intelli-

---

1. I.C. § 18–8005(3) has since been recodified as I.C. § 18–8005(5).

gently waive his right to counsel under the Sixth Amendment of the United States Constitution; Article I, Section 13 of the Idaho Constitution; or I.C. § 19–857. Maxey asserts that because he was denied his constitutional and statutory rights to counsel, his uncounseled guilty plea in that case is invalid for enhancement purposes. Because we conclude that in the 1987 case Maxey did not knowingly and intelligently waive his right to counsel under I.C. § 19–857, we need not address the constitutional validity of that waiver.

Idaho Code sections 19–851 to 19–866 set forth the conditions and procedures by which needy defendants are afforded the statutory right to have an attorney appointed to represent them at public expense. These code sections provide needy defendants with the right to appointment of counsel at public expense in cases where, among other conditions, the defendant is charged with a "serious crime." I.C. § 19–852.[2] For the purposes of these statutes, I.C. § 19–851 defines what constitutes a "serious crime."

(d) "Serious crime" includes:

(1) a felony;

(2) any misdemeanor or offense the penalty for which, excluding imprisonment for non-payment of a fine, includes the possibility of confinement for more than 6 months or a fine of more than $300.

Section 19–853 provides that if a person who is under formal charge of having committed a "serious crime" is not represented by an attorney under conditions in which a person having his own counsel would be entitled to be so represented, the court, upon formal charge or hearing, must clearly inform the person of: (1) his right to counsel and (2) the right of a needy person to be represented by an attorney at public expense.

Maxey's 1987 DUI was charged as an unenhanced DUI, a misdemeanor, the penalty for which included the possibility of a $1,000 fine. Accordingly, at Maxey's initial appearance in the 1987 case, he was under formal charge of having committed a "serious crime." Maxey was not represented by counsel at his initial appearance; therefore, the magistrate had a duty under I.C. § 19–853 to notify Maxey of his right to counsel and of the right to appointment of counsel if he could not afford one. The parties do not dispute whether Maxey was informed of these rights as required by section 19–853; rather they dispute whether Maxey validly waived those rights under the requirements of section 19–857.

Section 19–857 sets forth the requirements which must be met for an unrepresented defendant to waive the right to appointment of counsel.

19–857. Waiver of counsel—Consideration by court.—A person who has been appropriately informed of his right to counsel may waive in writing, or by other record, any right provided by this act, if the court concerned, at the time of or after waiver, finds of record that he has acted with full awareness of his rights and of the consequences of a waiver and if the waiver is otherwise according to law. The court shall consider such factors as the person's age, education, and familiarity with the English language and the complexity of the crime involved.

The following excerpt is from the transcript of Maxey's initial appearance in the 1987 case, when he purportedly waived his right to counsel:

THE COURT: Okay. Do you wish to fill out an application for a court appointed lawyer to represent you on this?

A: No.

THE COURT: Do you give up your right to have a public defender this morning, Mr. Maxey?

A: Yes.

THE COURT: Okay. I'll note that waiver in your file then. You can hire a

---

**2.** Although not asserted by either of the parties, M.C.R. 6(c) also provides the right of appointment of counsel at public expense for indigent defendants "[i]f the offense has a permissible penalty of imprisonment which will be considered as possible punishment by the court, or if the conviction of the offense could cause a subsequent conviction to be enhanced from a misdemeanor to a felony." Under this rule, the court must appoint counsel to qualified defendants unless the defendant voluntarily waives the right to counsel.

lawyer to represent yourself, whatever you'd like to do, okay?

A: Yeah.

This is the only dialogue between the magistrate and Maxey concerning Maxey's waiver of counsel. Under I.C. § 19–857, before Maxey could waive his right to appointed counsel the court was required to find of record that he was acting with full awareness of his rights and of the consequences of a waiver. In making this finding it was incumbent on the court to consider such factors as Maxey's age, education, and familiarity with the English language and the complexity of the crime involved. The above quoted dialogue clearly shows that the magistrate failed to inquire of Maxey concerning any of the factors enumerated by the statute—or any other factors—to determine whether Maxey was acting with full awareness of his rights and of the consequences of his waiver.

In *State v. Clayton*, 100 Idaho 896, 897, 606 P.2d 1000, 1001 (1980), our Supreme Court cited section 19–857, as well as *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), for the rule that inasmuch as a defendant's decision to reject court appointed counsel and conduct his own defense amounts to a waiver of the right to counsel, the "defendant should be made aware of the problems inherent in self-representation so that such waiver is knowingly and intelligently made." In *State v. Ruth*, 102 Idaho 638, 637 P.2d 415 (1981), the Court cited both *Faretta* and *Clayton* for the rule that before an accused can validly waive his right to counsel and assert his right of self-representation, the trial court must warn the accused of the dangers of proceeding as his own counsel. *Ruth*, 102 Idaho at 641 n. 2, 637 P.2d at 416; *See also State v. Buzo*, 121 Idaho 324, 328, 824 P.2d 899, 903 (Ct.App. 1991). In *Bement v. State*, 91 Idaho 388, 422 P.2d 55 (1966), the Court held that "[a] judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered." *Bement*, 91 Idaho at 395, 422 P.2d at 62 (quoting *Von Moltke v. Gillies*, 332 U.S. 708, 723–24, 68 S.Ct. 316, 323, 92 L.Ed. 309

(1948)). Such an examination serves to make the defendant aware of the problems inherent in self-representation so that the waiver of counsel is knowingly and intelligently made. *Clayton*, 100 Idaho at 897, 606 P.2d at 1001.

Based on the above statutes and case law we hold that prior to accepting a defendant's waiver of the right to counsel, the trial court must consider the particular facts in each case, including such factors as those enumerated by I.C. § 19–857, and find on the record that the defendant is acting with full awareness of his rights and of the consequences of the waiver. In Maxey's 1987 case, the magistrate failed to make any inquiry to determine whether Maxey's waiver of counsel was knowing and intelligent, and he failed to warn Maxey of any of the problems and dangers of proceeding as his own counsel. Nor did the magistrate make a finding of record that Maxey's waiver of counsel was knowing and intelligent, as required by section 19–857. Accordingly, we conclude that Maxey did not knowingly and intelligently waive his right to counsel under I.C. § 19–857. Because Maxey's guilty plea and conviction in the 1987 case were in violation of his statutory right to counsel, that prior conviction may not be used to enhance Maxey's current DUI offense.

Because we have already concluded that Maxey's 1987 DUI conviction cannot be used to enhance the current offense, we need not address whether Maxey's guilty plea in that case was knowing, intelligent and voluntary.

2. *Whether Maxey's Guilty Plea in the 1989 DUI Case was Knowing, Intelligent and Voluntary.* In reviewing the constitutionality of a guilty plea, we consider all the relevant circumstances surrounding the plea contained in the record to determine whether the plea was made knowingly, intelligently and voluntarily. *State v. Hawkins*, 117 Idaho 285, 288, 787 P.2d 271, 274 (1990) (citing *State v. Colyer*, 98 Idaho 32, 557 P.2d 626 (1976)).

[W]hether a plea is voluntary and understood by a defendant requires inquiry into three basic areas. The first is whether the defendant's plea was voluntary in the sense that he understood the nature of the

charges and was not coerced. Secondly, whether the defendant knowingly and intelligently waived his rights to a jury trial, to confront his accusers, and to refrain from incriminating himself. Thirdly, it must be determined whether the defendant understood the consequences of pleading guilty.

*Id.* Idaho Criminal Rule 11(c) also provides:

(c) Acceptance of plea of guilty. Before a plea of guilty is accepted, the record of the entire proceedings, including reasonable inferences drawn therefrom, must show:

. . . .

(3) The defendant was advised that by pleading guilty he would waive his right against compulsory self-incrimination, *his right to trial by jury,* and his right to confront witnesses against him.

Because the right to a jury trial is fundamental, a valid waiver will not be presumed but must be demonstrated by the record. *State v. Carrasco,* 117 Idaho 295, 297, 787 P.2d 281, 283 (1990) (citing *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)).

Maxey claims that his guilty plea and conviction in the 1989 case are invalid for enhancement purposes because the record does not show that he knowingly and intelligently waived his right to a jury trial. In the 1989 case, the state originally charged Maxey with an enhanced felony DUI, but later agreed to amend the information in the complaint to charge an unenhanced misdemeanor DUI on condition that Maxey enter a plea of guilty to the unenhanced charge. Maxey and the state entered into a Rule 11 plea agreement in which Maxey pled guilty to the unenhanced misdemeanor.

On appeal, the only relevant record presented to us which demonstrates the rights and information made known to Maxey prior to the entry of his guilty plea consists of the transcript of Maxey's plea hearing in the 1989 case. The record here does not contain a transcript of Maxey's initial appearance in the 1989 case, or of any other proceedings conducted in that case prior to Maxey's plea hearing. Following is an excerpt of the relevant portion of the transcript of Maxey's plea hearing:

THE COURT: Have you been in court on previous occasions when I've outlined for people their rights when they're charged with crimes?

THE DEFENDANT [MAXEY]: Yes.

THE COURT: You know you have a right to an attorney, you have an attorney representing you.

THE DEFENDANT [MAXEY]: Yes.

THE COURT: If you cannot afford an attorney one will be appointed for you at no expense.

You have a right to go to trial. At a trial you have a right to testify or not to testify whichever you choose. If you choose not to testify that will not be used against you.

At a trial if you want witnesses to attend, the court will order witnesses to attend a trial at no expense to you.

The state must prove that you're guilty beyond a reasonable doubt. They must do that by bringing in witnesses to face you and be subject to your cross examination.

You have a right to appeal any final or appealable decision or order that I make to the appellate courts of this state. If you decide to appeal you should contact your attorney immediately so that the appeal is followed in the right way and you do not lose your right to appeal and so that it's followed on time.

I will advise you that the maximum possible penalty that you could receive is a fine of up to one thousand dollars, a jail sentence of up to six months, is it?

MR. CLARK [MAXEY'S COUNSEL]: Yes, Your Honor.

MR. DOKKEN [PROSECUTOR]: Yes, Your Honor.

THE COURT: And a suspension of your driving privileges for up to one year?

MR. CLARK [MAXEY'S COUNSEL]: It's a hundred eighty days on a straight misdemeanor, Your Honor.

THE COURT: Hundred eighty days. Do you understand those things, sir?

THE DEFENDANT [MAXEY]: Yes, I do, Your Honor.

THE COURT: Are you prepared to enter a plea to the charge against you of a misdemeanor driving while under the influence?

THE DEFENDANT [MAXEY]: Guilty.

THE COURT: Your plea is guilty, sir?

THE DEFENDANT [MAXEY]: Nods.

THE COURT: I'll accept your plea of guilty and instruct that it be ordered—entered in the record.

■ Having reviewed the entire record of Maxey's 1989 case, we conclude that the record, and all reasonable inferences drawn therefrom, fail to demonstrate that Maxey knowingly and intelligently waived his right to a jury trial. The record does not show that Maxey was ever advised that by pleading guilty he would waive his right to a jury trial. There is nothing in the record from which we can infer that Maxey was advised of his right to have his case tried by a jury. We cannot presume that Maxey waived this fundamental constitutional right where the record is silent on the issue. *Boykin*, 395 U.S. at 242, 89 S.Ct. at 1711–12; *Carrasco*, 117 Idaho at 297, 787 P.2d at 283. The record must show that Maxey was advised of his right to a jury trial and that he knowingly and intelligently waived that right. *Boykin*, 395 U.S. at 242, 89 S.Ct. at 1712. "Anything less is not waiver." *Id.*

In this case Maxey has introduced transcripts of the prior proceedings to show that he was not advised of, nor did he waive, his right to a jury trial. The state has not carried its burden of overcoming that evidence to show that the record as a whole demonstrates that Maxey did knowingly waive his right to a jury trial. The only evidence which the state has presented to the Court to show that Maxey knowingly waived his right to a jury trial in the 1989 case is the fact that Maxey had been advised of his right to a jury trial during the proceedings of two prior DUI cases which took place in 1987 and 1988. The state has not pointed to anything in the record of the 1989 case to show that Maxey waived his right to a jury trial, nor has it presented this Court with any authority for going outside the record of that case to show that Maxey knowingly waived his right to a jury trial. To establish that Maxey validly waived his right to a jury trial in the 1989 case, the state must show that based on the record of the proceedings *in that case,* and reasonable inferences drawn from the record, Maxey made a knowing and intelligent waiver of his right to a jury trial. *Colyer,* 98 Idaho at 35, 557 P.2d at 629. *See also State v. Hansen,* 120 Idaho 286, 290, 815 P.2d 484, 488 (Ct.App.1991) (defense counsel's statements at hearing on motion to withdraw plea regarding subjects he discussed with defendant prior to entering plea were considered as part of the record in determining whether defendant knowingly entered guilty plea). Because the state has failed to show that based on the record as a whole Maxey made a knowing and intelligent waiver of his right to a trial by jury, we hold that Maxey's conviction in the 1989 case may not be used to enhance his offense in the case before us.

## CONCLUSION

Based on the facts and reasoning set forth above, we conclude that Maxey did not validly waive his statutory right to counsel in his 1987 DUI case, and therefore his conviction in that case may not be used for enhancement purposes. We also conclude that Maxey did not enter a knowing and intelligent guilty plea in his 1989 DUI case, and therefore his conviction in that case is invalid for enhancement purposes. Accordingly, we reverse the district court's denial of Maxey's pretrial motions *in limine* and for dismissal, and remand for further proceedings.

WALTERS, C.J., and SWANSTROM, J., concur.