910 P.2d 771

STATE of Idaho, Plaintiff–Appellant,

v.

Cleve C. COBY, Defendant–Respondent.

Nos. 20586 to 20588.

Court of Appeals of Idaho.

Dec. 2, 1994.

Larry EchoHawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., Boise, for appellant.

Whittier, McDougall, Souza, Murray & Clark, Chartered, Pocatello, for respondent.

PERRY, Judge.

In this appeal, we are asked to decide whether the Idaho and United States constitutions require that a defendant pleading guilty to a misdemeanor be warned of the dangers and disadvantages of self-representation. We hold, based on recent precedent from the Idaho Supreme Court, that such a warning is not constitutionally required. However, we are also asked to decide whether the prior convictions, as shown, may be used by the state to enhance Coby's driving under the influence and driving without privileges charges to felonies. We conclude that the state failed to make a prima facie showing of validity for at least one of the prior convictions in each driving under the influence and driving without privileges charge. Therefore, the order of the district court granting a motion for reduction of charges is affirmed.

## FACTS AND PROCEDURE

This appeal by the state is the consolidation of three separate actions filed against Cleve C. Coby. Each of the three complaints contained two counts, one for felony driving under the influence (DUI), I.C. §§ 18–8004 and 18–8005(5), and one for felony driving without privileges (DWP), I.C. § 18–8001(5). In each case, the state alleged two prior DUI convictions and two prior DWP convictions to enhance the current charges to felonies. The following table indicates the charges and the various dates of prior convictions involved:

| Action No. | Charge | Date of Offense | Date of Prior Convictions Used for Enhancement |
|---|---|---|---|
| C–5653–A | DUI | 1/11/92 | 4/9/90 and 8/10/90 |
| C–5653–A | DWP | 1/11/92 | 6/27/88 and 8/10/90 |
| C–5725–A | DUI | 3/21/92 | 4/9/90 and 8/10/90 |
| C–5725–A | DWP | 3/21/92 | 8/10/90 and 1/15/92 |
| C–5902–A | DUI | 8/28/92 | 4/9/90 and 8/10/90 |
| C–5902–A | DWP | 8/28/92 | 8/10/90 and 1/15/92 |

Thus, for enhancement purposes, all of Coby's felony DUI charges in this appeal were based upon two earlier convictions, April 9, 1990, and August 10, 1990. For the felony DWP charges, however, the state relied on a combination of three prior convictions, June 27, 1988, August 10, 1990, and January 15, 1992. Coby moved the district court to have all the charges reduced to first offense misdemeanors, alleging that the prior convictions could not be constitutionally used for enhancement purposes. Coby claimed that the magistrate had failed to properly warn him of the dangers of self-representation and, therefore, his guilty pleas in the earlier cases were not made knowingly, voluntarily and intelligently. The district court granted Coby's motion and the charges were ordered reduced to misdemeanors on February 4, 1992.

On March 17, 1992, the state appealed the order granting a reduction of the charges, claiming that the district court erroneously concluded that the previous convictions relied upon for enhancement were constitutionally infirm. Thereafter, on April 28, 1992, the district court entered a Minute Entry and Order that stated, "In the three cases before the Court ... at least one of the alleged prior convictions for both the DUI and DWP charges was without appropriate advise [sic] of proceeding without counsel, therefore, motions of dismissal are granted as to each one." [1]

## ANALYSIS

■ We first note that when reviewing a lower court's determination regarding the waiver of a constitutional right, we accept the trial court's findings of fact if supported by substantial evidence; however, we freely review the court's application of constitutional requirements to the facts found. *State v. Hoffman*, 116 Idaho 689, 691, 778 P.2d 811, 813 (Ct.App.1989).

The consolidation of cases and complicated procedure in this case has made the record, and thus the issues on appeal, somewhat confusing. To complicate matters further, the orders of the district court are unclear as to which prior convictions, or if all of them, were found to be constitutionally infirm.

1. The state in its appeal does not challenge the district court's authority to enter the April 28 order. We cannot discern from the record, however, that there was at any time a motion to dismiss made by either party. Upon remand, the prosecutor will have to reactivate the pending case files, if any, or refile the charges and start anew.

Though the motion to reduce indicates that a challenge was made to all counts, the February 4 order specifically discusses only the DUI offenses. It is not until the April 28 order dismissing the six counts, that the district court addressed the DWP charges. Because of this inconsistency, we find it necessary to redefine the issues in the case.

The first issue is whether the district court properly concluded that Coby's prior convictions were constitutionally infirm because he was not warned of the dangers and disadvantages of self-representation. The district court found that the state had not met its burden to establish that the convictions were valid because it had failed to show Coby was warned of the dangers and disadvantages of self-representation. It appears from the order reducing the charges that the district court found both the April 9, 1990, and the August 10, 1990, DUI convictions invalid for that reason. Though the order is silent as to the prior DWP convictions, we recognize that each of the three DWP felonies was enhanced by the use of the August 10, 1990, conviction.

█ The district court relied heavily on *United States v. Balough*, 820 F.2d 1485 (9th Cir.1987). In *Balough*, the defendant had initially pled guilty. Later, the defendant, wishing to withdraw his guilty plea, sought to remove his court-appointed counsel and to proceed pro se. The federal district court allowed the defendant to proceed pro se but failed to warn him of the dangers and disadvantages of self-representation. The defendant's motion to withdraw his guilty plea was then denied.

In *Balough*, the Ninth Circuit Court of Appeals stated,

In order to waive the right to counsel knowingly and intelligently, a criminal defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" Accordingly, we have held that "[a] waiver of counsel cannot be knowing and intelligent unless the accused appreciates the possible consequences of mishandling these core

functions and the lawyer's superior ability to perform them."

*Balough*, 820 F.2d at 1487 (citations omitted).

Although the district court followed the reasoning as outlined in *Balough* and *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), it did not have the benefit of the Idaho Supreme Court's decision in *State v. Maxey*, 125 Idaho 505, 873 P.2d 150 (1994), which directly addressed the necessity of warning misdemeanor defendants of the dangers of self-representation when they seek to enter guilty pleas pro se. In *Maxey*, our Supreme Court stated:

The dangers of self-representation at trial are obvious. The intricacies of the procedures, the rules of evidence, and the law are sufficient to justify extra care in making sure the defendant appreciates the difficulties in conducting a trial without the assistance of a lawyer. Certainly a guilty plea is an important part of a criminal proceeding. We are not convinced, however, that the judgments that confront a defendant who pleads guilty in a misdemeanor case are sufficiently difficult to warrant a requirement that the trial court must advise the defendant of the problems inherent in entering a plea without counsel.

*Maxey*, 125 Idaho at 509, 873 P.2d at 154 (citations omitted).

█ Thus, a failure to warn a pro se defendant of the dangers and disadvantages of self-representation will not render a subsequent guilty plea constitutionally invalid for enhancement purposes. This being the case, the question then becomes whether the state otherwise properly established the validity of the prior convictions.

█ Our Supreme Court stated in *State v. Beloit*, 123 Idaho 36, 844 P.2d 18 (1992), that:

once the State has made a *prima facie* showing of the validity of a prior conviction used to enhance a pending crime, the burden of going forward with proof that the conviction was defective because of the denial of some constitutional right *may be placed upon the defendant* without violating the United States Constitution.

123 Idaho at 37, 844 P.2d at 19. For this proposition, the Idaho Supreme Court cited *Parke v. Raley,* 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992). The *Parke* decision does not use the "prima facie" language found in *Beloit.* Instead, in *Parke,* the United States Supreme Court upheld Kentucky's allocation of the burden of proof in enhancement cases. Kentucky required that the state prove only the *existence* of a prior conviction for enhancement purposes. If satisfactory proof of existence was unrebutted by the defendant, then the "deeply rooted" presumption of regularity of final judgments would allow the court to presume the prior conviction was constitutionally valid.

By using the language "prima facie showing of the validity of the prior conviction," we believe the Idaho Supreme Court meant to adopt a burden upon the prosecution in enhancement cases which is slightly higher than merely establishing the existence of the prior conviction. Apparently, *Beloit* requires that at least some *showing* be made by the state that the conviction was obtained in accordance with constitutional provisions. Documentary and other evidence establishing that a defendant was advised of and waived his constitutional rights will be sufficient to meet this burden. *United States v. Taylor,* 882 F.2d 1018 (6th Cir.1989). Following this initial showing of validity by the state, the burden then shifts to the defendant to show, through countering evidence, that the conviction was not, in fact, obtained constitutionally.

In this case, Coby did not attempt to rebut any of the state's evidence offered to establish constitutional validity. Instead, Coby merely argued that the state had failed to meet its burden and therefore the convictions could not be used. In order to determine whether the state met its burden to make a prima facie showing of validity of the prior convictions, we must review each conviction separately, examining the evidence the state offered with respect to each one.

## A. DWP CONVICTION OF JUNE 27, 1988

In a brief that Coby filed in support of his motion to reduce the charges,[2] Coby con-cedes that he was represented by counsel during the proceedings which resulted in the June 27, 1988, DWP conviction. Therefore, no issue exists whether the absence of counsel rendered the plea invalid. The June 27, 1988, conviction could be properly used by the state for purposes of enhancing the three DWP charges filed against Coby.

## B. DUI CONVICTION OF APRIL 9, 1990

Contained in the record are a judgment of conviction, entered April 9, 1990, which recites that Coby was advised of his constitutional rights and waived them; a "waiver of counsel" form signed by Coby and dated March 12, 1990; and a transcript of a video shown to all Bannock County defendants prior to arraignment. Among other warnings and information, the video recites information regarding a criminal defendant's right to a lawyer, the right to remain silent and the right to a jury trial. The state argues that these documents are sufficient to establish the prima facie validity of Coby's April 9, 1990, conviction. Although the better practice would be for the state to offer as evidence of the validity of the conviction the transcripts from the arraignment or any proceeding where the voluntariness of the plea is discussed, we conclude that as to this conviction the evidence offered was a sufficient prima facie showing of the constitutional validity of the April 9, 1990, conviction. The evidence indicated that Coby had been informed of his rights through the video tape and then waived those rights. Coby offered no evidence in rebuttal, such as the transcript from his entry of the guilty plea, to challenge the constitutionality of the plea and subsequent conviction. We conclude that the state properly met its burden of establishing the constitutional validity of the April 9, 1990, conviction. With no rebuttal evidence offered by Coby, the district court should have allowed the guilty plea and conviction from April 9, 1990, to be used by the state for enhancement of the three DUI charges pending against Coby.

## C. DWP AND DUI CONVICTIONS OF AUGUST 10, 1990

Concerning the August 10, 1990, convictions, the record contains the transcript of

---

2. This brief was included in the record by an augmentation filed by the state.

the video shown to Coby at his arraignment in this case, as well as a signed document entitled "Notification of Penalties for Subsequent Violation." However, there is no written waiver of rights and no transcript of Coby's entry of his pleas of guilty, nor has the written judgment of conviction been offered into evidence by the state. Without at least some affirmative indication that Coby waived his right to counsel and an offering of the judgment of conviction itself, we must conclude that the state failed to meet the burden of establishing prima facie validity of the August 10, 1990, convictions.

The state argues that despite the lack of evidence establishing the validity of the pleas, Coby was represented by counsel at the sentencing on the August 10, 1990, conviction, as shown by the sentencing transcript that has been made part of the record. The state argues that the presence of counsel at sentencing should remedy the lack of evidence regarding Coby's waiver of counsel at the time of his guilty pleas. The state offers no case authority for this position, however, nor does our own research reveal any. Counsel's presence at sentencing could conceivably serve as evidence that a defendant properly waived his right to counsel during the plea process, if such matters are discussed with the defendant and counsel on the record at that time. Similarly, an opportunity granted by the court to withdraw a guilty plea once counsel is present may also remedy any prior problems with a lack of counsel, or an invalid waiver of a right to counsel.

Such was not the case here, however, as the validity of the previously entered guilty pleas and Coby's waiver of his right to counsel during the plea process were not discussed on the record with Coby or with his counsel. Coby's counsel indicated at the sentencing that his representation of Coby had begun only that day. The fact that Coby had counsel at his sentencing, standing alone, is not sufficient to meet the state's burden to make a prima facie showing of validity of the pleas. Consequently, the district court correctly did not allow the state to rely on the August 10, 1990, convictions for enhancement purposes for either the DUI or DWP charges pending against Coby.

### D. DWP CONVICTION OF JANUARY 15, 1992

Like the DUI conviction of April 9, 1990, the validity of the January 15, 1992, conviction is supported in the record by the existence of the video transcript, a signed and dated waiver of counsel form, a notification of penalties form and the judgment of conviction stating that Coby was notified of and waived his constitutional rights. This evidence was unrebutted by Coby and we conclude that, with respect to the DWP conviction of January 15, 1992, the state made a prima facie showing of the validity of the guilty plea and conviction. The district court should have allowed the use of the January 15, 1992, conviction offered by the state as an enhancement in Coby's three DWP charges.

### CONCLUSION

A previous misdemeanor DUI or DWP conviction may be used as an enhancement under I.C. §§ 18–8005(5) or 18–8001(5) even though a pro se defendant was not warned of the dangers and disadvantages of self-representation prior to entering a guilty plea. However, in this case, the August 10, 1990, convictions, which were relied upon by the state for enhancement in all six charges, could not be properly used for enhancement purposes. The state failed to provide sufficient evidence to make a prima facie showing of the constitutional validity of the prior guilty pleas and convictions of August 10, 1990. Therefore, we affirm the order of the district court reducing the DUI and DWP charges to misdemeanors.

WALTERS, C.J., and LANSING, J., concur.