910 P.2d 762

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Cleve C. COBY, Defendant–Respondent.**

No. 21837.

Supreme Court of Idaho,
Pocatello, May, 1995.

Feb. 2, 1996.

Alan G. Lance, Attorney General, Boise, Douglas A. Werth (argued), Deputy Attorney General, for appellant.

Whittier, Souza & Clark, Cht., Pocatello, for respondent.   Robert C. Naftz argued.

McDEVITT, Chief Justice.

This appeal is a consolidation of three cases where Respondent, Cleve C. Coby (Coby) was charged with felony Driving Under the Influence (DUI), I.C. §§ 18–8004, 18–8005(5), and felony Driving Without Privileges (DWP), I.C. § 18–8001(5).   Each of the charges were enhanced to felony charges based on two prior convictions.   Coby moved to reduce the felony charges to misdemeanors, alleging that the two prior convictions used to enhance the charges were unconstitutional.   This Court granted review of the decision of the Court of Appeals which affirmed the trial court's order reducing the

DUI and DWP felony charges to misdemeanor offenses.

## I.

## FACTS AND PROCEDURE

On three separate occasions in 1992, Coby was charged with a felony DUI pursuant to I.C. §§ 18–8004 and 18–8005(5), and with a felony DWP pursuant to I.C. § 18–8001(5).   The first offense occurred on January 11, 1992, the second on March 21, 1992, and the third on August 28, 1992.   In each of the three cases, the State relied upon two prior convictions to enhance the charges from misdemeanor to felony offenses.   The following chart indicates the offenses and the prior convictions relied upon to enhance the charges.

| Action No. | Charge | Date of Offense | Date of Prior Convictions Used For Enhancement |
|---|---|---|---|
| C–5653–A | DUI | Jan. 11, 1992 | Apr. 9, 1990 & Aug. 10, 1990 |
| C–5653–A | DWP | Jan. 11, 1992 | Jun. 27, 1988 & Aug. 10, 1990 |
| C–5725–A | DUI | Mar. 21, 1992 | Apr. 9, 1990 & Aug. 10, 1990 |
| C–5725–A | DWP | Mar. 21, 1992 | Aug. 10, 1990 & Jan. 15, 1992 |
| C–5902–A | DUI | Aug. 28, 1992 | Apr. 9, 1990 & Aug. 10, 1990 |
| C–5902–A | DWP | Aug. 28, 1992 | Aug. 10, 1990 & Jan. 15, 1992 |

For all three of Coby's felony DUI charges, the State relied upon the prior convictions of April 9, 1990 and August 10, 1990 for enhancement purposes.   For Coby's felony DWP charges, the State relied upon the prior convictions of June 27, 1988 and August 10, 1990 to enhance case number C–5653–A and upon the prior convictions of August 10, 1990 and January 15, 1992 to enhance case numbers C–5725–A and C–5902–A.

In all three cases, Coby moved the trial court to reduce the charges from felonies to first time misdemeanors on the ground that the prior convictions were constitutionally infirm.[1]   The trial court granted Coby's motions to dismiss in all three cases and ordered the charges in those cases reduced.   The trial court found that Coby had waived his right to counsel in each of the prior arraignments and held that the burden was on the State to make a *prima facie* showing that Coby voluntarily waived his right to

counsel such that his sixth amendment rights were not violated.   In concluding that the State failed to make its *prima facie* showing, the trial court held that the State did not present evidence that Coby was informed of the dangers of self representation or that Coby understood the consequences of his waiver of counsel.

The Court of Appeals affirmed the trial court's reduction of the felony charges to misdemeanors.   *State v. Coby*, 128 Idaho 99, 910 P.2d 771 (App.1994).   The Court of Appeals held that (1) a prior misdemeanor DUI or DWP conviction may be used to enhance the charge to a felony pursuant to I.C. §§ 18–8005(5) or 18–8001(5), even though a *pro se* defendant was not warned of the dangers and disadvantages of self-representation prior to entering a guilty plea, and (2) that in this case the convictions relied upon by the State to enhance the charges against

---

**1.**   Contained in the record are Coby's motions to reduce the charges for cases C–5653–A and C–5725–A.   Although the motion to reduce the charges for case C–5902–A is not contained in the record, the district court's Minute Entry and Order dated April 27, 1993 indicates that such a motion was filed.

Coby could not be used because the State failed to provide sufficient evidence to make a *prima facie* showing of the constitutional validity of the prior guilty pleas and convictions of August 10, 1990. *Id.*, 128 Idaho 99, 910 P.2d 771.

This Court granted the State's petition for review of the three consolidated cases brought against Coby.

## II.

## DISCUSSION

On review, this Court is presented with the issue of whether the State made its *prima facie* showing to establish the validity of a prior conviction used to enhance a charge of DUI or DWP from a misdemeanor to a felony.

■ In *State v. Beloit*, 123 Idaho 36, 844 P.2d 18 (1992), this Court set forth the respective burdens for a constitutional challenge to a prior conviction that is used to enhance a DUI charge from a misdemeanor to a felony. The Court in *Beloit* held that the State bears the burden of making a *"prima facie* showing of the validity of a prior conviction used to enhance a pending crime[.]" *Beloit*, 123 Idaho at 37, 844 P.2d at 19. Once the State meets its burden, then the burden of going forward with proof that the conviction was constitutionally defective is placed upon the defendant. *Id.*

The State sought to enhance each of Coby's three DUI and three DWP charges to felony offenses based upon two prior convictions as provided in I.C. §§ 18–8001(5), – 8004, –8005(5). Coby, in his motions to reduce the charges, challenged the prior convictions as unconstitutional and asserted that there were not two convictions upon which the State could base its enhancement of the charges from misdemeanors to felonies. Coby argued that his waivers of counsel in the prior cases were not made knowingly, intelligently, or voluntarily because he was not informed of the dangers and disadvantages of self representation.

■ The State must first establish the *existence* of the prior convictions upon which

the State is relying for enhancement purposes (a *prima facie* showing). This burden requires only that the State produce the judgments of conviction or other evidence of the existence of the convictions. It is only after this burden is met that the *Beloit* analysis is applied.

Under *Beloit*, then, the defendant must produce evidence establishing a constitutional challenge to the validity of the judgments upon which the State relies. *Beloit*, 123 Idaho at 37, 844 P.2d at 19. The State then must prevail on its claim of the validity of the prior judgments. *Id.*

■ In the present case, the record contains a waiver of counsel form for the April 9, 1990 and January 15, 1992 convictions, a judgment of conviction for the April 9, 1990 conviction, notification of penalties for subsequent violations forms for the August 10, 1990, April 9, 1990, and January 15, 1992 convictions, and a transcript of a video that was likely shown to Coby prior to his arraignment. However, nothing in the record establishes the existence of a valid conviction of August 10, 1990. The August 10, 1990 conviction is relied upon to enhance all six charges, and thus without evidence establishing the existence of this conviction, all of the charges must be reduced. Having failed to present anything in the record to establish the existence of the August 10, 1990 conviction, even the judgment of conviction itself, the State failed to make a *prima facie* showing in the record of the entry of the judgment of conviction by the trial court of the August 10, 1990 conviction.

The State argues that the district court erred in dismissing Coby's felony charges based on an invalid conviction of August 10, 1990 where Coby was represented by counsel at his sentencing and where there was no requirement that Coby be advised of the dangers of self representation. We do not address this issue on this appeal.

## III.

## CONCLUSION

We affirm the decision of the trial court. *See State v. White*, 102 Idaho 924, 925, 644

P.2d 318, 319 (1982) (holding that where a ruling is correct, it is immaterial that the reason given by the trial court may have been incorrect). No costs or fees are awarded on appeal.

JOHNSON, TROUT and SILAK, JJ., concur.

SCHROEDER, Justice, dissenting.

I dissent from the decision of the Court for the reasons that the basis of the decision is different from the issue decided in the district court; the decision is made upon facts different from those assumed by the parties in the district court; and, the decision does not give guidance to the trial courts on the important issue that was decided by the district court and the Court of Appeals and was presented to this Court.

The issue as it was addressed in the district court was whether uncounselled guilty pleas could be used for enhancement purposes. The district court outlined the facts as follows in its Memorandum Decision and Order:

> In each of cases number C–5653 and C–5725–A, defendant Coby was charged with one count of Driving Under the Influence (DUI), Idaho Code § 18–8004, and one count of Driving Without Privileges (DWP), Idaho Code § 18–8001(5). Each of those cases are felony charges under I.C. § 18–8005 and rely for prior convictions on previous guilty pleas to D.U.I. on April 9, 1990, and on August 10, 1990. Defendant now asserts that the prior pleas as uncounselled, cannot be used for enhancement purposes. At each prior arraignment, Coby waived his right to legal representation.

This statement of the record was the basis of the appeal that was assigned to the Court of Appeals. The Court of Appeals correctly analyzed this issue:

> The district court relied heavily on *United States v. Balough*, 820 F.2d 1485 (9th Cir.1987). In *Balough*, the defendant had initially pled guilty. Later, the defendant, wishing to withdraw his guilty plea, sought to remove his court-appointed counsel and to proceed pro se. The federal district court allowed the defendant to proceed pro se but failed to warn him of the dangers and disadvantages of self-representation. The defendant's motion to withdraw his guilty plea was then denied.
>
> In *Balough*, the Ninth Circuit Court of Appeals stated,
>
> > In order to waive the right to counsel knowingly and intelligently, a criminal defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" Accordingly, we have held that "[a] waiver of counsel cannot be knowing and intelligent unless the accused appreciates the possible consequences of mishandling these core functions and the lawyer's superior ability to perform them."
>
> *Balough*, 820 F.2d at 1487 (citations omitted).
>
> Although the district court followed the reasoning as outlined in *Balough* and *Faretta v. California*, 422 U.S. 806[, 95 S.Ct. 2525, 45 L.Ed.2d 562] (1975), it did not have the benefit of the Idaho Supreme Court's decision in *State v. Maxey*, 125 Idaho 505, 873 P.2d 150 (1994), which directly addressed the necessity of warning misdemeanor defendants of the dangers of self-representation when they seek to enter guilty pleas pro se. In *Maxey*, our Supreme Court stated:
>
> > The dangers of self-representation at trial are obvious. The intricacies of the procedures, the rules of evidence, and the law are sufficient to justify extra care in making sure the defendant appreciates the difficulties in conducting a trial without the assistance of a lawyer. Certainly a guilty plea is an important part of a criminal proceeding. We are not convinced, however, that the judgments that confront a defendant who pleads guilty in a misdemeanor case are sufficiently difficult to warrant a requirement that the trial court must advise the defendant of the problems inherent in entering a plea without counsel.

*Maxey,* 125 Idaho at 509, 873 P.2d at 154 (citations omitted).

Thus, a failure to warn a pro se defendant of the dangers and disadvantages of self-representation will not render a subsequent guilty plea constitutionally invalid for enhancement purposes. This being the case, the question then becomes whether the state otherwise properly established the validity of the prior convictions.

*State v. Coby,* 128 Idaho 99, 910 P.2d 771 (Ct.App.1994).

The Court of Appeals then affirmed the district court on the alternative basis that the State failed to make a *prima facie* showing of the validity of at least one of the driving under the influence and driving without privileges charges. This Court addresses the same issue, although that was not the basis of the district court decision.

Two things should happen in this case. First, this Court should decide the issue decided by the district court. Second, this Court should not decide the issue that it has decided. That question should be remanded to the district court to decide based upon the complete record, argument, and the guidance of a decision on the question of the effect of the failure to warn a pro se defendant of the dangers and disadvantages of self-representation when the prosecution seeks to enhance the charges based upon prior convictions. The district court could then focus its analysis within a proper legal framework.